UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>   v.<br><br>AARON SUGGS,<br><br>          Defendant. | No.  2:16-cv-0110 KJN P<br><br>ORDER |

      Plaintiff is a state prisoner, proceeding without counsel.  On January 19, 2016, plaintiff's "Notice of Motion and Motion for Modification of Sentence," filed pursuant to California Penal Code Section 1202.4(f)(1), was submitted to this court for filing.  (ECF No. 1.)  However, plaintiff's filing is addressed to the Sacramento County Superior Court and bears that court's case number 12F00316.[1]  Moreover, plaintiff relies solely on California state law and California cases. (ECF No. 1.)

      Pursuant to Sacramento County Superior Court's public case access records, plaintiff was sentenced on June 6, 2013, in Case No. 12F00316, and his motion for modification has not been

---

[1] Plaintiff's criminal case records are accessed through the Sacramento County Superior Court's Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on January 27, 2016.

1

1 filed in the superior court.  Id.  Accordingly, the Clerk of the Court is directed to retrieve
2 plaintiff's original motion from the dump file and strike out all of this court's identifying
3 information, including the file stamp date and case number.  Then, the Clerk shall mail plaintiff's
4 original motion (not a copy of the scanned motion) to the Sacramento County Superior Court, 720
5 Ninth Street, Sacramento, California  95814.

6 Finally, the court declines to construe plaintiff's motion as a petition for writ of habeas
7 corpus, or grant him leave to amend, for two reasons:  First, the filing is clearly identified as a
8 motion to modify his sentence directed to the superior court.  Second, in order for plaintiff to
9 challenge his underlying conviction, he must first exhaust his state court remedies.  The
10 exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas
11 corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by
12 respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may not be implied
13 or inferred.  A prisoner satisfies the exhaustion requirement by providing the highest state court
14 with a full and fair opportunity to consider all claims before presenting them to the federal court.
15 Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.
16 1985), cert. denied, 478 U.S. 1021 (1986).

17 The electronic dockets for the California Supreme Court, California Courts,
18 <http://appellatecases.courtinfo.ca.gov>, visited January 27, 2016, show that plaintiff has not
19 filed any proceeding in the California Supreme Court.  Thus, the court has confirmed that plaintiff
20 has not exhausted his state court remedies as to the 2013 conviction;[3] granting him leave to
21 amend to file a petition for writ of habeas corpus would be futile.
22 ////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[3] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

For all of the above reasons, it appears that the instant action was opened in error, and the Clerk of the Court is directed to terminate this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to retrieve plaintiff's original motion from the court's dump file and, after following the instructions set forth above, mail plaintiff's <u>original</u> motion to the Sacramento County Superior Court, 720 Ninth Street, Sacramento, California 95814; and

2. The Clerk of the Court shall terminate this action.

Dated:  January 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sugg0110.clo